The Honorable Mike Wilson State Representative District 70 P. O. Box 5269 Jacksonville, Arkansas 72076
Dear Representative Wilson:
This is in response to your request for an official opinion wherein you asked:
 Is there any means other than that contained in Ark. Stat. Ann. 83-155 of recouping from non-custodial parents either public assistance (AFDC) expended on behalf of minor children or arrearages accruing under court order for the support of said children and paying the proceeds thereof into the state treasury?
Act 989 of 1985, codified as Ark. Stat. Ann. 34-1211, 34-1220 — 34-1250, provides an alternative method. Support rights assigned to the division of Social Services are made a legal obligation to the State by 34-1240. This Section also provides that the amount of obligation is that stated in a court order for support or an amount equal to the assistance paid by the State. The Child Support Enforcement Unit, established by 34-1238, has the authority to enforce such support orders. This Act also provides methods of collecting delinquent support payments by imposing liens on the property of delinquent parents and/or requiring the employer of a delinquent parent to withhold payments from the salary of a delinquent parent.
There is also a criminal statute, Ark. Stat. Ann. 41-2405, making non-support a crime. Paragraph four of this statute provides that the State may take judgment against one convicted "for all moneys expended by any state agency for the support and maintenance of the person with respect to whom the defendant had a duty to support." The Child Support Enforcement Unit's attorneys may be designated special prosecutors under Ark. Stat. Ann. 34-1244 to enforce this criminal statute. Of course, any prosecutor or deputy prosecutor could also enforce this statute.
Finally, since the custodial parent must assign his or her rights to past due child support in order to receive AFDC funds, Ark. Stat. Ann. 83-127.1 (Supp. 1985), the Division of Social Services, which is the state agency administering such funds, may request reimbursement from the Secretary of the Treasury under 42 U.S.C. § 664, which is withheld from the noncustodial parent's federal income tax refund.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Charles R. Lucus.